# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NV MINERALS CORP., a Nevada domestic corporation

Plaintiff,

vs.

GETCHELL GOLD NEVADA INC., a Nevada domestic corporation; RICHARD E. FISK, a natural person; DAVID A. FISK, a natural person; RICHARD E. FISK, as Personal Representative of the Estate of George Fisk; RICHARD E. FISK, as Personal Representative of the Estate of Amelia Fisk; RICHARD E. FISK, as Personal Representative of the Estate of Wayne Fisk; HCP-RSM, LLC, a Delaware limited liability company; AMERICAN INNOVATIVE MINERALS, LLC, a Nevada limited-liability company; ABC CORPORATIONS 1 through 10, inclusive; and DOES 1 through 10, inclusive,

Defendants.

AND RELATED COUNTERCLAIMS.

Case No.: 3:26-cv-00256-MMD-CSD

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED, AGREED, AND UNDERSTOOD by the parties in this action, by and through their respective and undersigned counsel of record, that this litigation involves sensitive and proprietary information regarding mineral rights, the location of lode mining claims regarding them, the financial interests of the parties, as well as their respective business operations, contractual relationships, and personal affairs, the public disclosure of

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

which could cause irreparable harm to the producing party and the affected third parties whose interests are implicated in this action. To protect all such information comprehensively, and to promote the efficient conduct of this litigation, the parties agree that a broad protective order is in the interests of all parties and the Court.

As such, in the course of this litigation a party may produce documents and information, whether formally or informally, that are confidential or commercially sensitive in nature and that public disclosure of such information could be detrimental to the producing party's interests. Similarly, such confidential or commercially sensitive information may potentially be disclosed by written discovery, deposition testimony, or in other filings with the Court. The parties accordingly submit this Stipulated Protective Order for the approval of and enforcement by the Court and hereby stipulate as follows:

1. SCOPE. This Stipulated Protective Order shall apply to all non-public information and materials provided or produced by a party in the course of this litigation, whether in response to formal discovery requests or otherwise, and whether written, oral, contained in documents or transcripts, or in any other form, and shall be treated as "Confidential" under this Stipulated Protective Order if so marked or otherwise identified. Formal designation pursuant to Paragraphs 2 and 3 may also be used to designate materials "Attorneys' Eyes Only".

2. DEFINITION OF CONFIDENTIAL INFORMATION.

A. A producing party may designate as "Confidential" any such non-public documents, information, and materials produced by it that the producing party believes in good faith constitute, contain, or reflect proprietary, non-public, trade secrets, knowhow, proprietary data, mineral rights or resource data, operational information, strategic business information, contractual terms, negotiation communications, personnel information, regulatory filings or correspondence, marketing information, financial information (including without limitation revenue, costs, valuations, and projections), technical information, engineering or geological information, product design information, and/or commercially sensitive business information or data, including, but not limited to, potentially attorney-client privileged communications and/or

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

attorney work product privileged information arising from this action, and any documents which discuss, or otherwise related to, trade secrets of highly confidential business or financial information, which the designating party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. The foregoing list is illustrative and not exhaustive. And, for avoidance of doubt, any non-public information that a producing party in good faith believes could cause harm—whether competitive, financial, reputational, or otherwise—if disclosed prior to entry of this Stipulated Protective Order shall qualify for "Confidential" designation. The producing party's good faith belief shall be presumed to be reasonable absent clear and convincing evidence to the contrary.

B. Confidential Information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses, email addresses, Social Security numbers, taxpayer identification numbers, dates of birth, employment and personnel files, home and cellular telephone records/numbers, compensation information, medical or health information, financial account information, tax records, estate planning documents, trust documents, contract negotiations, and related information, whether pertaining to parties or non-parties to this lawsuit. Third-party personal information produced in discovery shall be treated as "Confidential" automatically upon production, without a need for formal designation.

C. A producing party may designate as "Attorneys' Eyes Only" any such information, document, or thing, or portion of any document or thing consisting either of trade secrets as defined in NRS 600A.030(5) or 18 U.S.C. § 1839(3) or proprietary or other highly confidential business, financial, regulatory, product design, engineering, technical, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Disclosing Party or Producing Party.

3. DESIGNATION.

A. A producing party or its counsel may designate as Confidential or

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

Attorneys' Eyes Only any documents or other tangible things by (i) marking every page of such item Confidential or Attorneys' Eyes Only, or (ii) sending written notice designating each page of such documents, or each portion of such tangible things to be treated as Confidential or Attorneys' Eyes Only.

B. A producing party or its counsel may designate a deposition or other testimony provided by the producing party as Confidential or Attorneys' Eyes Only by any one of the following means: (i) stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that the information is Confidential, or (ii) sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential or Attorneys' Eyes Only within ten (10) days after receipt of the transcripts.

C. A party may challenge the designation of documents or information as "Confidential" or "Attorneys' Eyes Only", but only upon a good faith, specific, and particularized belief that the challenged material does not qualify for protection under this Stipulated Protective Order. Before seeking relief from the Court, the challenging party must: (i) provide written notice to the designating party identifying each challenged document by Bates number or other specific identifier; (ii) engage in a good faith meet and confer conference; and (iii) if the dispute is not resolved, file a motion with the Court within thirty (30) days of the meet and confer. Any contested information shall continue to be treated as designated and subject to this Stipulated Protective Order until such time as the Court has ruled upon the motion with finality. If a challenge is denied, the Court may award the designating party its reasonable attorneys' fees and costs incurred in defending the designation.

D. Each party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that it believes qualifies for protection under the appropriate standards as stated herein. However, inadvertent over-designation shall not constitute a violation of this Stipulated Protective Order or a basis for sanctions, and shall not prejudice the designating party's right to maintain the designation.

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

4. USE OF CONFIDENTIAL INFORMATION. Confidential documents and information shall not be disclosed or communicated in any fashion nor be used for any purpose other than preparing for and conducting this litigation, as provided for in this Stipulated Protective Order. However, nothing in this Stipulated Protective Order shall prevent any producing party from disclosing or using its own Confidential information as it deems appropriate, and any such use shall not be deemed a waiver of any party's rights or obligations under this Stipulated Protective Order with respect to any Confidential information. In addition, nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by any party of documents, information, materials, or testimony obtained by such party independently of discovery in this litigation, provided the party so disclosing acquired such information through proper means.

5. RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION.

A. Except with the prior written consent of the other parties, or upon prior order of the Court obtained upon notice to opposing counsel, access to Confidential information, and to any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Confidential" shall be limited to:

i. Counsel of record for the parties to the litigation, including office attorneys, associates, paralegals, stenographic and clerical employees;

ii. The parties to this action, their representatives, employees and agents;

iii. Outside witnesses, potential witnesses, consultants, and/or experts, subject to the provisions of Paragraph 6 below;

iv. Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

v. The Court and personnel, including assistants, administrators, clerks, and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

vi. Court reporters or stenographers who record deposition or other testimony in the litigation;

vii. Outside photocopying services, graphic production services, or litigation support

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system; and

viii. Any other person whom the producing party agrees to in writing.

6. ACCESS BY OUTSIDE WITNESSES, CONSULTANTS, AND/OR EXPERTS TO CONFIDENTIAL INFORMATION. The parties' counsel may, to the extent necessary to the prosecution or defense of this action, in accordance with the terms of this Stipulated Protective Order, and in good faith, make confidential documents or information and any copies, portions, summaries, analyses, or excerpts of any documents containing confidential information available to outside or non-party witnesses only on an "as needed" basis and provided that notice is given to counsel for all parties, consultants, or expert witnesses, provided, however, that prior to delivering any such information to such witness, consultant, or expert, counsel shall obtain from the witness, consultant, or expert, a signed and dated statement to the effect that the person has read this Stipulated Protective Order, agrees to be bound by its terms, and consents to the jurisdiction of the Court for the purposes of enforcing the Stipulated Protective Order.

7. RESTRICTIONS ON ACCESS TO ATTORNEYS' EYES ONLY MATERIAL.

Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court. The parties' counsel may further, to the extent necessary to the prosecution or defense of this action, in accordance with the terms of this Stipulated Protective Order, and in good faith, make "Attorneys' Eyes Only" designated documents and any copies, portions, summaries, analyses or excerpts of any documents containing confidential information available to outside or non-party consultants or expert witnesses, provided, however, that, prior to delivering any such information to such witness, consultant, or expert, counsel shall obtain from the consultant or expert, a signed and dated statement to the effect that the person has read this Stipulated Protective Order, agrees to be bound by its terms, and consents to the jurisdiction of the Court for the purposes of enforcing the Stipulated Protective Order.

8. DEPOSITIONS. To the extent depositions occur in this case, persons may be

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

deposed regarding documents or information of which they have knowledge which have been designated "Confidential." All transcripts of these depositions and any other deposition containing confidential information will be treated in accordance with this Stipulated Protective Order. Aside from the witness, no person (other than parties to the litigation) shall attend any portion of any deposition containing testimony regarding confidential information or documents except counsel for the parties unless such person has executed the written statement described in Paragraph 6. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Stipulated Protective Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court.

9. PREVIOUSLY PRODUCED INFORMATION. This Stipulated Protective Order does not affect the right of the parties to designate as Confidential any documents or information which has been produced prior to the entry of this Stipulated Protective Order. Any disclosure of such documents or information prior to its designation as Confidential shall not be deemed a violation of this Stipulated Protective Order. This Stipulated Protective Order shall not prejudice the right of the parties to designate as Confidential the documents or information a party has inadvertently produced without the sought designation.

The right to designate previously produced documents as "Confidential" or "Attorneys' Eyes Only" shall not be subject to any time limitation under this Order. A party may designate previously produced material at any time prior to the final determination of this action. Upon such designation, all parties shall immediately treat the material as designated and shall take all steps necessary to prevent further disclosure.

10. FILING WITH THE COURT—MANDATORY SEALING.

A. Any document, information, or material designated "Confidential" or "Attorneys' Eyes Only" under this Stipulated Protective Order—or any pleading, brief, declaration, exhibit,

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

or other submission that quotes, summarizes, paraphrases, or otherwise discloses the substance of such designated material—shall be filed with the Court exclusively under seal. No party shall file any such material in the public record without first obtaining either: (i) the written consent of the designating party; or (ii) a Court order expressly authorizing public filing after a noticed, fully-briefed, and submitted motion.

B. Any party intending to file designated material shall submit an administrative motion or application to seal, with supporting declaration, concurrently with the lodging of the material under seal, in accordance with the Local Rules of the United States District Court for the District of Nevada. The parties agree to cooperate and to support each other's sealing requests with respect to their own designated materials.

C. If the Court declines to seal any designated material, the party seeking to file such material shall provide immediate written notice to the designating party. The designating party shall have ten (10) calendar days from receipt of such notice to either: (i) withdraw the designated material from the filing; (ii) seek reconsideration or interlocutory review of the Court's ruling; or (iii) consent in writing to its public filing. No designated material shall be filed publicly during this ten-day period.

D. The parties agree not to disclose to the public or non-parties any information ordered redacted by the Court, and further agree that any publicly filed version of a document containing designated material shall be redacted to the maximum extent permitted by the Court's ruling.

E. This sealing obligation applies to all stages of this litigation, including, without limitation, discovery motions, dispositive motions, pre-trial submissions, and trial briefs.

11. NO IMPLIED ACKNOWLEDGEMENT OF CONFIDENTIALITY. The receipt of documents, information or other materials designated as Confidential pursuant to this Stipulated Protective Order shall not constitute an acknowledgment that the same are in fact confidential or otherwise legally protectable, and the parties and their counsel shall not be obliged to challenge the propriety of any confidentiality designation. Failure to do so shall not preclude a subsequent challenge to the propriety of any such designation. Until and unless the

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

parties may agree or the Court may finally determine that such documents, information, or materials are not properly designated as Confidential, the same shall continue to be treated as so designated in accordance with the terms of this Stipulated Protective Order.

12. INADVERTENT FAILURE TO DESIGNATE. The inadvertent failure to designate information produced in discovery as Confidential or "Attorneys' Eyes Only" shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential or "Attorneys' Eyes Only." Within a reasonable time of learning of any such inadvertent failure, the disclosing party or producing party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. Disclosure of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this section shall not violate the terms of this Stipulated Protective Order.

Upon receiving notice of an inadvertent failure to designate, all receiving parties shall: (i) immediately cease any further use or disclosure of the affected material; (ii) use commercially reasonable efforts to retrieve or destroy any copies shared beyond the scope of this Stipulated Protective Order; (iii) provide written certification within ten (10) days that such steps have been taken; and (iv) treat the material as properly designated for all purposes going forward. Any prior disclosure made before the notice of inadvertent failure shall not be deemed a waiver of confidentiality as to any other copy, use, or disclosure of the same material.

13. NO WAIVER. The production of documents for inspection shall not constitute a waiver of a party's rights to claim in this lawsuit or otherwise that the documents are privileged or otherwise undiscoverable or inadmissible at the time of any hearings or trial. Production by any party of confidential documents or information in other litigation shall not constitute a waiver of its right to claim in this lawsuit or hereafter that such documents or information are confidential, privileged, or otherwise undiscoverable. Nothing in this Stipulated Protective Order requires any party to produce any documents or information that the party believes is privileged or otherwise non-discoverable. By entering into this Stipulated Protective Order, the parties do not waive any right to object to any discovery request, or to the admission

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

of evidence on any ground, or seek any further protective order, or to seek relief from the Court from any provision of this Stipulated Protective Order by application on notice on any grounds.

14. USE OF INFORMATION AT HEARINGS OR TRIAL.

A. Any party intending to use or disclose designated material at a hearing, argument, or trial in this action shall provide the designating party with not less than fourteen (14) calendar days' advance written notice identifying the specific material intended to be used. The designating party may, within seven (7) days of such notice, move the Court for an order sealing the relevant portion of the hearing or trial record, requiring that the courtroom be cleared of non-parties, or providing for other appropriate protection.

B. Prior to any hearing or trial at which designated material may be used, counsel for all parties shall meet and confer regarding appropriate procedures—including sealing, redaction, or courtroom closure—to protect designated material from public disclosure, and shall present any agreed or disputed proposals to the Court in advance.

C. The parties hereby agree, to the extent permitted by the Court, to request that the Court seal all trial exhibits, deposition excerpts, and other filings introduced into evidence that contain Confidential or Attorneys' Eyes Only material, and to request that the Court make appropriate orders limiting public access to hearings and trial proceedings in which such material is discussed.

15. DISPOSITION OF CONFIDENTIAL DOCUMENTS AND INFORMATION UPON FINAL DETERMINATION. Upon the final determination of this action, whether by award or judgment which is no longer appealable, determination after appeal, settlement, or otherwise, all documents, information and material designated as "Confidential" and all copies, testimony, summaries, notes, extracts, or abstracts of such documents or of such information shall promptly be returned to the producing party's counsel, or disposed of pursuant to further order of the Court, except that counsel shall be entitled to retain all memoranda or other documents prepared by counsel embodying information derived from any such materials; provided, however, that no subsequent use shall entail disclosure of any information as to which claim of confidentiality has been made. The final determination of this action shall not terminate

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

the limitations on use and disclosure contained in this Stipulated Protective Order.

16. AMENDMENT AND MODIFICATION. This Stipulated Protective Order may be amended by the written agreement of counsel for the parties submitted to and approved by the Court in this case, or by an Order from the Court. Nothing in this Stipulated Protective Order shall preclude any party to this action from moving to vacate or modify this Stipulated Protective Order or any provision thereof.

17. JURISDICTION AND ENFORCEMENT. Any person to whom documents or information designated as “Confidential” or “Attorneys’ Eyes Only” are disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring, and adjusting such person’s compliance with this Stipulated Protective Order. This jurisdiction shall survive the termination of this action. Any party or person subject to this Stipulated Protective Order who violates its provisions shall be liable for damages for any injuries or loss suffered by the producing party as a result of such violation.

**IT IS SO STIPULATED.**

DATED this 13th day of October, 2026.

RUTLEDGE LAW CENTER LTD.
320 North Carson Street
Carson City, Nevada 89701

*/s/ John P. Rutledge*
JOHN P. RUTLEDGE, ESQ.
*Attorneys for NV Minerals Corp.*

DATED this 13th day of October, 2026.

FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy.
Reno, Nevada 89511

*/s/ John D. Tennert, III*
JOHN D. TENNERT, ESQ.
EVAN KLOUSE, ESQ.
*Attorneys for HCP-RSM, LLC*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

DATED this 13th day of October, 2026.

SBW LAW GROUP
3600 Mayberry Drive
Reno, Nevada 89509

*/s/ Clayton P. Brust*
CLAYTON P. BRUST, ESQ.
HANNAH E. WINSTON, ESQ.
ALISON R. KERTIS, ESQ.
*Attorney for Getchell Gold Nevada Inc.*

DATED this 13th day of October, 2026.

MACKEDON, DEBRAGA & ROWE PC
179 S. Laverne St.
Fallon, Nevada 89406

*/s/ T. Jaren Stanton*
SEAN A. ROWE, ESQ.
T. JAREN STANTON, ESQ.
*Attorneys for Richard E. Fisk, David A. Fisk, and Richard E. Fisk as the Personal Representative of the Estates of (1) George Fisk; (2) Amelia Fisk; and (3) Wayne Fisk*

DATED this 13th day of October, 2026.

ADDISON LAW GROUP PLLC
4471 Lynnfield Way
Reno, Nevada 89519

*/s/ Matthew C. Addison*
MATTHEW C. ADDISON, ESQ.
*Attorneys for American Innovative Minerals LLC*

**ORDER**

IT IS SO ORDERED.

Dated: October 13, 2026

UNITED STATES MAGISTRATE JUDGE

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

**Exhibit "A"**
**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated ______________, in *NV MINERALS CORP. v. GETCHELL GOLD NEVADA INC., et al.*, set before the United States District Court, District of Nevada, Civil Case No. 3:26-cv-00256-MMD-CSD.

I have been given a copy of that Stipulated Protective Order and read it. I agree to be bound by the Stipulated Protective Order. I will not reveal the Confidential Information to anyone, except as allowed by the Stipulated Protective Order. I will maintain all such Confidential Information—including copies, notes, or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information—including copies, notes or other transcriptions made therefrom—to the counsel who provided me with the Confidential Information.

I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Stipulated Protective Order.

DATED this _______ day of ________________________, 202__.

BY: ____________________________________
*[Signature]*

____________________________________
*[Print]*

SBW Law Group
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051